**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

APR 10 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LINDA BUSTAMANTE, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CAROLYN W. COLVIN, Commissioner of Social Security Administration, <br><br> Defendant - Appellee. | No. 13-15152 <br><br> D.C. No. 2:12-cv-00075-NVW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted March 12, 2015
San Francisco, California

Before: BERZON, BYBEE, and OWENS, Circuit Judges.

Linda Bustamante appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Title II of the Social Security Act. We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Bustamante's main contention is that the ALJ erred by rejecting the opinion of a state agency examining psychiatrist in favor of the opinion of a nonexamining state agency reviewer. In particular, Bustamante argues that the ALJ improperly relied on her failure to seek treatment and her noncompliance with the treatment she did receive to reject the examining psychiatrist's opinion that she has disabling depression. Though Bustamante is correct that failure to seek or comply with treatment is an impermissible ground for rejecting a doctor's diagnosis of mental illness when the failure is attributable to the mental illness, *see Regennitter v. Comm'r of the Soc. Sec. Admin.*, 166 F.3d 1294, 1299-300 (9th Cir. 1999), there is "no medical evidence that [Bustamante's] resistance was attributable to her mental impairment rather than her own personal preference," *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012). As a result, the ALJ did not err and provided "specific and legitimate reasons that are supported by substantial evidence" for rejecting the opinion of the examining psychiatrist. *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). Any reliance on other, potentially improper reasons was harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

Bustamante also contends that the ALJ erred by rejecting her symptom testimony. The ALJ, however, provided at least two reasons supported by substantial evidence for rejecting her testimony: (1) her shifting designation of her

primary disability; and (2) her inconsistent explanations of why she left her job. *See Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) ("Factors that an ALJ may consider in weighing a claimant's credibility include . . . inconsistencies in testimony . . . ."). Together these constitute "clear and convincing reasons" for rejecting Bustamante's symptom testimony. *See id.* at 635 (internal quotation mark omitted). Again, any reliance on other, potentially impermissible reasons was harmless. *See Carmickle*, 533 F.3d at 1162-63.

Bustamante's final contention is that the ALJ exhibited improper bias against her. She bases this argument exclusively on a comment the ALJ made at the beginning of her hearing concerning her fibromyalgia claim. Although this comment may have been ill advised, "the ALJ's behavior, in the context of the whole case," was not "so extreme as to display clear inability to render fair judgment." *Rollins v. Massanari*, 261 F.3d 853, 858 (9th Cir. 2001) (quoting *Liteky v. United States*, 510 U.S. 540, 551 (1994)) (internal quotation marks omitted); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1215-16 (9th Cir. 2005) ("[We] have rejected allegations that due process was violated when isolated parts of an ALJ's conduct were challenged but the record as a whole showed fundamental fairness for the litigants."). Her claim of bias thus fails.

**AFFIRMED.**

3

Bustamante v. Colvin, No. 13-15152

BERZON, Circuit Judge, dissenting:

I respectfully dissent.

It is *sometimes* "reasonable for [an Administrative Law Judge ("ALJ")] to conclude that the level or frequency of treatment [is] inconsistent with the level of complaints" a claimant asserts or a medical expert finds. *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (internal quotation marks omitted). But no reasonable factfinder could doubt that Bustamante *is* severely depressed, as evidenced by (1) her recent suicide attempt; (2) her multiple reported prior attempts; (3) her persistent suicidal ideation; and (4) her post-suicide-attempt diagnosis, by her treating psychiatric clinic, of "major depressive disorder, recurrent episode, severe." Indeed, Bustamante's recent suicide attempt and major depression diagnosis occurred *after* both mental health opinions discussed by the ALJ were rendered, serving strongly to corroborate the examining doctor's opinion the ALJ rejected, and severely to undermine the paper-review opinion the ALJ credited.

Furthermore, "an adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain

infrequent or irregular medical visits or failure to seek medical treatment." *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) (internal quotation marks omitted). Here, Bustamante testified that her medication was not "really working" and that she was unable to return to mental health treatment because of "a long waiting list." There is no indication the ALJ considered her explanations. And the record as a whole, despite the absence of a doctor's explicit statement, suggests that Bustamante did not pursue treatment more actively because she was depressed.

Given all of these reasons to credit, rather than discredit, Doctor Steingard's evaluation of Bustamante's likely vocational impairment on account of her depression, it is clear to me that Bustamante's failure to pursue treatment for her depression could support the ALJ's decision only on the separate *policy* ground that "[i]mpairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). But the ALJ made no finding that Bustamante's depression *could* be controlled effectively, nor was there evidence in the record to support such a finding. *Cf. Orn*, 495 F.3d at 637; *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). Thus, Bustamante's failure to pursue treatment for her depression was not a legitimate reason to reject the psychiatrist's opinion. The ALJ's only other specific reason for rejecting that

2

opinion, that Bustamante demonstrated no cognitive deficits, was off-point as depression is at issue, for reasons we recently surveyed. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014).

Finally, the ALJ offered no clear and convincing reason for rejecting Bustamante's symptom testimony, at least as to her depression. That her own designation of her primary disability shifted also does nothing to cast doubt on the well-documented fact that she *was* severely depressed for at least a large part of the pertinent period. As for her supposedly inconsistent testimony regarding her reason for leaving her job, her various statements, while sometimes incomplete, are all consistent with her fullest explanation of the end of her employment: "I missed a lot of work due to the pain, and I was unable to perform my duties. . . . I was released due to my poor attendance." Absent clear and convincing reasons, I would hold that the ALJ erred in discrediting Bustamante's testimony, at least as to her depression.

Because the ALJ "failed to provide legally sufficient reasons for rejecting" the psychiatrist's opinion and Bustamante's testimony, *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014), I would remand for a calculation of benefits.[1]

---

[1] I note, however, that there is pending en banc activity in two cases involving our credit-as-true doctrine. *See Burrell v. Colvin*, 775 F.3d 1133 (9th Cir. 2014); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090 (9th Cir.

2014).